**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Owen NORMAN, Jr., Defendant-Appellant.**

**No. 18779.**

United States Court of Appeals
Sixth Circuit.

July 15, 1969.

J. B. Tietz, Los Angeles, Cal., for appellant; Ralph K. Helge, Pasadena, Cal., J. B. Tietz, Los Angeles, Cal., on brief.

Carlton H. Petway, Nashville, Tenn., for appellee; Gilbert S. Merritt, Jr., U. S. Atty., Alfred H. Knitht, III, Asst. U. S. Atty., Nashville, Tenn., on brief.

Before O'SULLIVAN, PECK and COMBS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Thomas Owen Norman, Jr., appeals from conviction for refusing induction into the armed forces of the United States in violation of 50 U.S.C. App. § 462 et seq. He was tried without a jury, before District Judge William E. Miller in the United States District Court for the Middle District of Tennessee, Nashville Division, and was committed to the custody of the Attorney General for treatment and supervision as a youth offender under 18 U.S.C. §§ 5010(b) and 5017(c). He refused induction, claiming that he was wrongfully denied conscientious objector status.

On March 1, 1963, Norman registered with his Local Selective Service Board No. 62 in Jasper, Tennessee. In answers to his registration questionnaire he did not claim to be a conscientious objector. On October 17, 1963, he was given a I–A classification, (available for military service). He thereupon requested Selective Service Form 150 and completed it to assert a claim for exemption as a conscientious objector. Such exemption was denied him, but on November 18, 1963 his local board did give him a I–A–O classification which qualified him for *noncombatant* military service. Thereupon, Norman initiated and for nearly three years pursued various proceedings within the Selective Service System, seeking exemption as a conscientious objector (I–O classification), or to be accorded an occupational deferment (II–A classification). These unsuccessful attempts ended on September 26, 1966 when he refused to step forward to submit himself for induction.

During the course of these administrative proceedings, Norman made personal appearances as well as written presentations to support his contentions. An account of these proceedings is set out in the opinion of the District Court reported as United States v. Norman, 301 F.Supp. 53 (M.D.Tenn.1968.)

Norman, on this appeal, raises the following four issues: I. Did the Selective Service System have a basis in fact for denying Norman's claim of a conscientious objector classification? II. Did the Selective Service System deny Norman due process? III. Did the trial

court commit error in its admission of evidence? IV. Did the trial court err *in denying Norman's Motion for Judgment of Acquittal* based upon a claimed failure of the government to meet its burden of proof?

Except for the matters we discuss herein, we are satisfied that the opinion of District Judge Miller provides an adequate exposition of the questions presented and correctly resolves them.

We affirm.

Because they are not covered in the District Court opinion, we discuss appellant's claim that his Selective Service System file, identified and received in evidence as plaintiff's Exhibit One, should not have been received in evidence and that the government failed to prove that Norman was called for induction in the proper order.

### 1) Admission of Selective Service file.

Norman's counsel initially objected to the sufficiency of the identification of Norman's Selective Service System file, but the matter was concluded by counsel's withdrawal of his objection, as follows:

"I'll withdraw that objection. It is a point I feel has merit, but in order to get to the further merits, I'll withdraw it."

█ Aside from such withdrawal, we consider that the file was properly authenticated and was admissible as competent evidence. See LaPorte v. United States, 300 F.2d 878, 881 (9th Cir. 1962); United States v. Holmes, 387 F.2d 781, 784 (7th Cir. 1968), cert. denied, 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968); Haven v. United States, 403 F.2d 384, 385 (9th Cir. 1968), cert. denied, 393 U.S. 1114, 89 S.Ct. 926, 22 L.Ed.2d 120 (1969).

### 2) Order of call.

The majority of cases which have considered this question involved orders to report for civilian work by registrants classified as conscientious objectors. 32 C.F.R. § 1660.20 provides that:

"Such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O unless he has volunteered for such work."

We consider, however, that 32 C.F.R. § 1631.7 requires that those classified in I–A be called for induction in proper order.

We do not think that the alleged failure of the government to prove with particularity that Norman was called to appear for induction in proper order vis-a-vis other registrants presents a question properly saved for review by us. No such alleged deficiency was asserted at the close of the government's case. Defendant's counsel made an opening statement of his defense without mention of it. Neither was the point raised when the proofs were closed. When both sides had rested, appellant's counsel filed a written Motion for Judgment of Acquittal which contained no reference to the order of call. The first mention of the point appeared during counsel's argument on his motion for acquittal when he said that a recent case in a California District Court [1] held that a motion for judgment of acquittal should be granted "when the government failed to show that the defendant was called up in proper order." We assume that the District Judge included this point among "the remaining contentions of defendant" which he disposed of by saying "they are without merit." We agree with this disposition, but are constrained to discuss the point to the following extent.

█ The case having been tried and both sides having rested without mention of the order of call, we believe that, solely upon the basis of the presumption of the regularity of the Selective Service System's proceedings, the point cannot now be relied upon. In Lewis v. United States, 279 U.S. 63, 49 S.Ct. 257, 73 L.

---

1. United States v. Rhodes, N.D.Calif., No. 41,112, January 26, 1967, unpublished.

Ed. 615 (1929), the Supreme Court said:

"It is the settled general rule that all necessary prerequisites to the validity of official action are presumed to have been complied with, and that where the contrary is asserted, it must be affirmatively shown. Nofire v. United States, 164 U.S. 657, 660, 17 S.Ct. 212, 41 L.Ed. 588; United States v. Royer, 268 U.S. 394, 398, 45 S.Ct. 519, 69 L.Ed. 1011; and cases cited." 279 U.S. at 73, 49 S.Ct. at 260.

Such rule was applied to the regularity of draft board proceedings in Ayers v. United States, 240 F.2d 802, 809 (9th Cir.1956), cert. denied, 352 U.S. 1016, 77 S.Ct. 563, 1 L.Ed.2d 548 (1957), and Keene v. United States, 266 F.2d 378, 380 (10th Cir. 1959). Dealing specifically with a claim that the prosecution had not, as part of its case, established that an accused had been called in proper order, we recently held that such a question could not be raised for the first time on appeal. United States v. Boroski, 412 F.2d 668 (6th Cir.1969).[2]

We need not discuss what would have been the government's burden had the defendant raised the question before the proofs had been concluded, but we cite with approval the following language from Yates v. United States, 404 F.2d 462 (1st Cir.1968), rehearing denied, 407 F.2d 50 (1969):

"[T]here exists the possibility that capricious or arbitrary action was taken by a local board; a defendant has little opportunity to obtain proof of discrimination; and there is no chance or procedure to review this issue before the agency. There ought, therefore, to be a means of exerting constant pressure on the local boards to adhere faithfully to the order of call regulation.

"There is no difficulty in the perhaps rare case where a defendant can produce evidence of a person who should have been called before him was not. In such a case, the government cannot disprove a leak in a bucket simply by showing most of it was tight. But where the defendant lacks any such proof, his only recourse is to examine the clerk of the local board. This may not conclusively establish the absence of any violation of the regulation but, since the clerk must testify in any case to the validity of the order to report, there is little extra burden on the government to have him prepared to testify on order of call.

"If, however, the order of call point is not raised before trial and there is no examination or cross-examination of the clerk on this point, and defendant moves for a judgment of acquittal, should the motion be granted? We think not. In this circumstance, where what is involved, while an element of the offense, has not been deemed important enough in the particular case to make any effort to elicit facts, we see no unfairness in allowing the government to go to the jury on the issue, relying on the presumption of regularity." 404 F.2d at 466.

Judgment affirmed.

---

2. *See also,* United States v. Sandbank, 403 F.2d 38, 40 (2nd Cir. 1968), cert. denied, 394 U.S. 961, 89 S.Ct. 1301, 22 L.Ed.2d 562 (1969); Greer v. United States, 378 F.2d 931, 933 (5th Cir. 1967); Lowe v. United States, 389 F.2d 51 (5th Cir. 1968); Pigue v. United States, 389 F.2d 765 (5th Cir. 1968).