**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Raymond JONES, Defendant-Appellant.**

**No. 25210.**

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1970.

Rehearing Denied Sept. 28, 1970.

Martha Goldin (argued), Alan Saltzman, Hollywood, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Robt. L. Brosio, Chief, Crim. Div., Edward J. Wallin (argued), Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, HUFSTEDLER and KILKENNY, Circuit Judges.

MERRILL, Circuit Judge:

Appellant was convicted following jury trial of failure to report for induction into the armed forces.

On this appeal, his first contention is that he was called for induction out of order.

This challenge is directed to the call issued by the California State Director on the local boards of the state. The call to appellant's board was for 13 men, but also, pursuant to state practice, stated: "* * * delinquents will be ordered for induction in addition to the number of men specified * * *." The board called 13 men (of whom appellant was No. 4), plus 2 delinquents—a total of 15 men. Appellant asserts that this was contrary to regulations fixing order of call. He argues that the numerical specification must, under the regulations, include the delinquents rather than be added to them. He calculates that during the time in which the present practice has been followed a total of around 40 men over and above the number specified in the calls of the State Director were ordered for induction by his board, that had this number been included within the number specified in this and previous calls he would

never have been called at the time he was.[1]

This contention was recently considered and rejected by this court in United States v. Lloyd, 431 F.2d 160 (9th Cir. Aug. 28, 1970). To the reasons there expressed we add the following:

As we view appellant's complaint it is directed not against the order of call—he does not claim he was called before someone who should have been called first—but against the quota assigned by the State Director to the local board and the manner in which it was fixed—a specified number of inductees added to an unspecified number of delinquents.

The regulations provided that the State Director, on receipt of a Notice of Call on State from the Director shall "allocate to the local boards concerned within his State * * * the number of men which his State is called upon to furnish * * *." 32 C.F.R. 1631.6.

The problems of the State Director must be borne in mind and the regulations read with sufficient flexibility to provide him room to meet his responsibilities. His duty to the state is to deliver a specified number of men. The question remains how many men must be ordered for induction in order to meet this quota. The responsibility for determining this question, in California at least, is assumed by the State Director and his determination is based on state-wide experience as to the extent of state-wide overcall of registrants necessary to produce the state quota.

In California's experience the response to orders for induction on the part of delinquents is minimal. Under these circumstances to insist upon including them in the numerical specification would seem only to complicate the call on local boards. To include them without increasing the number specified would be to place on their response a re-

1. Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), has of course eliminated delinquents as a category of call and it is argued that appellant cannot claim to have been prejudiced by any disregard of the order of call respecting them. We prefer, however, to deal with the order of call regulation as it existed at the time appellant was ordered to report.

liance which experience does not warrant. The alternative would require the State Director to adjust the local board's quota by increasing the number specified to include the appropriate number of delinquents. In this case it would only have meant that the local board's quota would have been 15, instead of 13 plus delinquents. Appellant's proposals thus would seem to accomplish nothing of value. In light of his experience the solution of the State Director seems eminently reasonable and most certainly is not arbitrary.

We conclude that the State Director's call on the local board was not contrary to regulations and that appellant was, in proper order, summoned for induction. The issue presented was not one of fact and it was not error to refuse to give it to the jury.

Appellant contends that the Government has failed to maintain its burden of establishing that he received his order to report for induction. Appellant has presented no evidence to the effect that he did not receive it. At the time of registration in 1962 appellant's home address was given as Glendale, California. After 1965 he received student deferments and in 1967 the board was notified of a change of address to Berkeley. Later the board was notified that he had been graduated from college. In February, 1968, he was ordered to report for induction. The order was sent not to the Berkeley address but to the Glendale address. It was never returned to the board as undelivered.

In November, 1968, the board received a letter from appellant under date of October 30, 1968. He did not assert lack of notice. Instead he stated in part:

"I am sending this letter in the hope that it will clarify my position

regarding my refusal to submit to induction.

This clarification involves two points; my objections to militarism and the selective service system, and my reasons for taking the course I have taken in refusing to cooperate.

* * * I had decided that I would refuse to cooperate with the selective service system either by applying for further deferments, by reporting my marriage or other changes of status, or by answering any induction notices. * * * I do not believe the authority of the selective service system to be legitimate, and I did not have, nor do I have, any intention of consenting to its authority by placing myself under its jurisdiction.

As a consequence of my beliefs I had two choices open to me. I could formally refuse induction, thereby placing myself under the jurisdiction of the legal system rather than the illegitimate selective service system; or I could exile myself in a country whose policies were consistent enough with my beliefs that I would not face a prison sentence * * *."

After explaining his subsequent conclusion that it had been a mistake to exile himself to Canada, he continued as follows:

"My wife in agreement, we decided to return to the United States, to face the legal consequences of my refusal to submit to induction * * *."

While the Government did not have the benefit of the regulations' presumption that mail was received,[2] this does not mean that receipt cannot otherwise be established. In our view the Government has provided enough to create a jury question. The same applies to appellant's contentions respecting notice of his classification and of his right to personal appearance and appeal.

---

**2.** 32 C.F.R. 1641.3 provides:

"It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. The mailing of any order, notice or blank form by the local board to a registrant at the address last reported by him to the local board shall constitute notice to him of the contents of the communication, whether he actually receives it or not."

Appellant assigns as error the admission in· evidence of the letter. In our judgment it was relevant.

We find no merit in appellant's contentions respecting jury instructions.

Judgment affirmed.