**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Earl THOMPSON, Defendant-**
**Appellant.**

**No. 71–1274.**

United States Court of Appeals,
Ninth Circuit.

April 27, 1971.

Rehearing Denied June 23, 1971.

John T. Hansen (argued), San Francisco, Cal., for defendant-appellant.

Paul Fitzpatrick (argued), Asst. U.S. Atty., James L. Browning, U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLIN and WRIGHT, Circuit Judges, and GOODWIN, District Judge *.

HAMLIN, Circuit Judge:

James Earl Thompson, appellant herein, was charged in an indictment filed in the United States District Court for the Northern District of California with having refused to submit to induction into the armed forces of the United States, a violation of 50 U.S.C. App. § 462. Having waived a jury, he was tried to the court, was found guilty and sentenced to the custody of the Attorney General. He filed a timely appeal to this court.

Appellant makes four contentions. First, he contends that the draft law is unconstitutional. The Supreme Court of the United States in United States v. O'Brien, 391 U.S. 367, 88 S.Ct.

* Honorable Alfred T. Goodwin, United States District Judge, District of Oregon, sitting by designation.

1673, 20 L.Ed.2d 672 (1968), held to the contrary.

■ Second, he complains that at his trial the Government introduced in evidence the certified and exemplified copy of his Selective Service file, and then rested. Appellant's complaint that this is error has no merit. Such procedure has been held to be proper in United States v. Lloyd, 431 F.2d 160, 164 (9th Cir. 1970), and the cases cited therein.

■ Appellant next contends that the local board should have given him consideration as a conscientious objector, or that he should be remanded so that he could make a C.O. claim. The short answer to this is that appellant in September, 1969, was given a Form 150 (conscientious objector), but that he failed to return it to the local board. Instead, in October, 1969, he returned his draft card to the local board with the statement, "I * * * refuse to participate in the Selective Service System." In December, 1969, when he appeared personally before the board, at its request, he stated he did not want to appear before the board and had nothing to discuss with them.

At the time he refused to be inducted in June, 1970, there was nothing in his file upon which to base a C.O. classification. At his trial he testified that he did not return the Form 150 to the local board because "obviously it didn't pertain to me. * * * "

He indicated that he was confused by the form; and testified, "[T]hen I realized, you know, I didn't want to participate in the selective service any more if they weren't even going to bother to have a form for me."

There is nothing in the record that anyone misled him or that the local board gave him bad advice. The record shows he was a high school graduate and had attended three semesters of Junior College. His claim of being a conscientious objector came after he had refused to be inducted and after he had been indicted for such refusal. We see no basis for appellant's contention that his case should be remanded so he could now be allowed to make a conscientious objector claim. See Palmer v. United States, 401 F.2d 226 (9th Cir. 1968).

■ Appellant's final contention here is that the "California Selective Service Headquarters violated the statute and regulations in the manner in which it determined, to appellant's prejudice, the 'calls' upon local boards in California commencing in April, 1970."

We disagree. Under the regulations,[1] the National Director of Selective Service determines the number of registrants that each state is to produce for induction during that month. The State Director of Selective Service is responsible for fixing the quotas among the local boards of the state in order to produce the number of men desired from California.[2] In January, 1970, all registrants were given a random sequence, or lottery number, depending upon the date of their birth. Thereafter, instead of calling for a fixed number of registrants from each local board, calls were made upon local boards for available registrants up to a certain lottery number, and all available registrants, to and including that number, were called for induction. There was testimony that in the months from January to June, 1970, California fell considerably below its quota, even though all the persons up to the named lottery number were called. In June, 1970, the call was for all available registrants up to and including 170. Appellant's number was below 170. Under the regulations, considerable discretion must be vested in the State Director of Selective Service in determining the respective quotas allocated to local boards within California.[3] There

1. 32 C.F.R. 1631.2(a).

2. 32 C.F.R. 1631.6.

3. See United States v. Jones, 431 F.2d 619, 620 (9th Cir. 1970) ("The problems of the State Director must be borne in mind and the regulations read with sufficient flexibility to provide him room to meet his responsibilities.")

was no testimony that indicated that the State Director in any way exercised or exceeded his discretion to the prejudice of appellant, and there was no testimony of any kind that appellant was called out of order or before he should have been called. We see no merit in appellant's last contention.

The judgment is affirmed.