**UNITED STATES of America, Appellee,**

**v.**

**Raymond MUNOZ, Appellant.**

**No. 71–2293.**

United States Court of Appeals,
Ninth Circuit.

Nov. 18, 1971.

Jerry E. Berg, San Jose, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, KOELSCH and ELY, Circuit Judges.

PER CURIAM:

Munoz appeals from the judgment convicting him of refusing to comply with an order of his local board to submit to induction. 50 U.S.C.App. § 462(a).

■ He contends that the Notice of Call issued by the State Director of Selective Service, upon which the local board acted, was void. He urges, in effect, that under Section 5(b) of the Selective Service Act of 1967 (50 U.S.C. App. § 455(b) and 32 C.F.R. §§ 1631.1–7 (1970), the State Director is required to issue a Notice of Call for a fixed number of registrants, not a group composed of registrants designated by numbers assigned to such registrants by lot ("random sequence numbers" 32 C.F.R. § 1631.5(d); 32 C.F.R. § 1631.7(b) (3)). We reject his contention. This same attack on the Random Sequence Method of Call was recently made in United States v. Thompson, 443 F.2d 341 (9th Cir. 1971) and was rejected. We reaffirm that decision.

■ Nor does appellant's remaining point have merit. The so-called "order of call" defense is a creature of the particular system of call which exists under the prevailing form of the regulations. The previous regulation was 32 C.F.R. § 1631.7 (1969). That regulation set up a specified order in which prospective inductees would be ordered to report. In United States v. Baker, 416 F.2d 202 (9th Cir. 1969), we held that by its enactment of 50 U.S.C.App. § 455(a) (2), Congress required strict compliance with the prevailing method of determining the relative order of induction within specified age groups to insure fairness in the operation of the draft. 416 F.2d at 204–205. Thus, the "defense" of order of call is nothing more than a claim that the regulations with respect to calls were not strictly followed.

Pursuant to Executive Order No. 11497, 34 F.R. 19019, November 29, 1969, the "draft lottery" was estab-

lished. Selective Service regulations were amended to reflect the new system, 32 C.F.R. part 1631, and a new order of call was established, 32 C.F.R. 1631.7(b), under which there are seven classes of persons subject to induction in the order specified. Appellant is in the third priority group, and makes no allegation that he was called before persons in higher priority groups. He attempts to establish that, within his particular priority group, [see 32 C.F.R. § 1631.7(b) (3)] it is impossible to tell whether he was called out of order. We reject this claim, as the evidence makes it clear that the State Board issued calls within group (3) in ascending order of lottery number from the beginning of 1970 to the time appellant was ordered to report. The "order of call" defense, while it still may be asserted by those in lower priority groups who are called before those in higher priority groups, is unavailable to appellant only because in his case the regulations were in fact followed.

The judgment is affirmed.