UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth Wayne **DUDLEY**, Defendant-Appellant.

No. 71–1363.

United States Court of Appeals, Sixth Circuit.

Dec. 2, 1971.

Robert A. Sedler, Lexington, Ky. (Court-appointed), for defendant-appellant.

J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from a conviction for wilful failure to report for alternative civilian work in violation of the Universal Military Training and Service Act, 50 U.S.C.App. § 462(a).

In 1967 Appellant registered with his local Selective Service Board. He was classified I–O (conscientious objector), which made him subject to call to perform alternative civilian work. In August, 1969, Appellant was ordered to report on September 2, 1969, for civilian work. It is not disputed that Appellant did not report on that date or at any other time.[1]

Appellant was subsequently indicted for wilful failure to report and on February 1, 1971, was found guilty of the charge after a jury trial, and sentenced to five years imprisonment.

On appeal several arguments have been raised. We consider only the claim that the Government failed to prove that Appellant's work order was issued in the proper order of call and that it had thereby failed to establish one of the essential elements of its case. Under the circumstances of this case we believe that this argument has merit and that the court below should have granted Appellant's motion for a directed verdict. The District Court's failure to do so requires us to reverse Appellant's conviction.

■ A prosecution for failure to report for induction or for civilian work assignment must be based on the wilful neglect of the registrant to obey a *valid* order.

"We cannot read [the Universal Military Training Act] as requiring the courts to inflict punishment on registrants for violating whatever orders the local boards might issue. We cannot believe that Congress intended that criminal sanctions were to be applied to orders issued by local boards no matter how flagrantly they violate the rules and regulations which define their jurisdiction." Estep v. United States, 327 U.S. 114, 121, 66 S.Ct. 423, 427, 90 L.Ed. 567 (1946).

Selective Service regulations require that civilian work orders "shall not be issued prior to the time that the registrant would have been ordered for induction if he had not been classified in class I–O;" 32 C.F.R. § 1660.20. The sequence in which registrants not classified I–O were being inducted in August, 1969 was governed by 32 C.F.R. § 1631.-7(a) (3) (1967); this regulation established an oldest first priority. Reading the two rules together it is clear that Appellant could not be issued a valid work order before the time he would have been issued an induction order under the oldest first priority system in effect for I–A registrants.[2]

It is accepted by most of the Circuits which have passed on the question that the propriety of the order of call "affects registrants' substantial rights * * * [and] a strict compliance [with the order of call regulations] is essential to the validity of an Order to Report for Induction." United States v. Baker, 416 F.2d 202, 204–205 (9th Cir. 1969); Yates v. United States, 404 F.2d 462 (1st Cir. 1968) reh. den. 407 F.2d 50, cert. den. 395 U.S. 925, 89 S.Ct. 1781, 23 L.Ed.2d 242 (1969); United States v. Weintraub, 429 F.2d 658 (2d Cir. 1970) cert. den. 400 U.S. 1014, 91 S.Ct. 572, 27 L.Ed.2d 627 (1971)[3]; but see Schutz v. United States, 422 F.2d 991 (5th Cir. 1970).

---

1. Appellant, a Jehovah's Witness, indicated that obeying the order of a "political instrument" like the Selective Service Board would violate his religious beliefs.

2. That "order of call" requirements apply to both I–O and I–A registrants has been well established. *See* United States v. Boroski, 412 F.2d 668, 672 (6th Cir. 1969).

3. A thorough discussion of the approaches taken by various courts to the order of call question appears in Mr. Justice Douglas' dissent from the denial of certiorari in *Weintraub*. *See* 400 U.S. 1014 n. 3, 91 S.Ct. 572, 27 L.Ed.2d 627 (1971).

Congress has, on a number of occasions shown that the priorities established at the time of appellant's work call were a matter of great concern to it. *See* Gutknecht v. United States, 396 U.S. 295, 306, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970); United States v. Baker, 416 F. 2d 202, 204–205 (9th Cir. 1969). The priorities finally established represented a considered judgment of the social, economic and educational needs of the nation and should not be lightly disregarded. *See* United States ex rel. Bayly v. Reckord, 51 F.Supp. 507, 515 (D.Md., 1943). Making observance of the priorities a condition of prosecution insures that such judgment will be respected. *Id.* The order of call rules also serve to prevent discrimination or favoritism; they provide a mechanical test for determining when the "impartiality" of the call has been violated and so help the courts avoid thorny questions of intent. The rules also insure that a registrant is not prejudiced by an early call-up which might result in the denial of a deferment or exemption which might be available to him at a later date. Further, allowing courts in criminal cases to consider whether or not the rules have been infringed does not undercut the finality of the administrative review process since only classifications and not the decision to issue an induction or work order are directly reviewable by an appeals board. *See* Yates v. United States, 404 F.2d 462, 466, *cf.* Estep v. United States, *supra*, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. These considerations convince us that the Government should be required to prove that the proper order of call was followed in any prosecution for refusal to report for induction or for civilian work.

Normally the Government has not needed to introduce evidence on the order of call question, but has been able to rely instead on the general presumption of validity which attaches to administrative decisions. *See* Yates v. United States, 404 F.2d 462, 466 (1st Cir. 1968). Once the criminal defendant introduces "some evidence" of irregularities in the call-up order, however, the Government has been required to prove beyond a reasonable doubt that the proper order was, in fact, followed. Rusk v. United States, 419 F.2d 133 (9th Cir. 1969); *cf.* United States v. Baker; United States v. Weintraub, *supra*. This rule with regard to the effect of defendant's introduction of evidence on the question was approved in dictum in United States v. Norman, 413 F.2d 789, 792 (6th Cir. 1969) cert. den. 396 U.S. 1018, 90 S.Ct. 585, 24 L.Ed.2d 510, reh. den. 397 U.S. 958, 90 S.Ct. 962, 25 L. Ed.2d 145 (1970).

Such rule strikes an appropriate balance between the right of an accused to have all the elements of the offense proven against him (*see* Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) ) and the needs of a system of speedy justice which properly seeks to avoid unnecessary review of administrative decisions. We conclude that the adoption of the rule, suggested in this Circuit in the *Norman* case, is desirable.

At trial Appellant attempted to show departure from the proper order of call.[4] He sought to do this by examining the secretary of the local board with respect to the monthly induction (or delivery) lists. Such approach has been held to be a reliable way of determining whether or not the proper sequence of call has been followed. United States v. Dobie, 444 F.2d 417, 420 (4th Cir. 1971). It is apparent from the testimony of the Board Secretary, that men old-

---

4. Given the nature of this defense it was incumbent on the defendant to inform the prosecution of its reliance on the order of call claim early enough in the proceedings so as to allow the Government an opportunity to supply the necessary proof. United States v. Norman, 413 F.2d 789 (6th Cir. 1969). Here Appellant gave such notice before trial. The Government recognized that the issue had at least arguably been raised and did introduce evidence on the subject through the testimony of the secretary of the local board.

er than Appellant were not called prior to Appellant.

Q. Well, you have an induction list, a list of men ordered for induction —

A. Yes, sir.

Q. All right. Now, let's take a look at the induction list for August.

The birthdates of those men called for induction in the months of September and August were then read.

Q. All right. Now, Mrs. Rowland, using these figures it would seem that in September of 1969 men were ordered for induction whose birth date was. earlier than that of Mr. Dudley, is that correct?

A. Yes, sir.

Q. Likewise, in the August call there were men whose birthdate was later than men who were ordered for induction in September, 1969. (Transcript pp. 48–49)

A. Yes, sir. I believe.

And later:

Q. Do your records indicate that people whose birth year was 1949 and whose birth date was earlier than August 31st [Appellant's birthdate] were not ordered for induction in August, but were ordered for induction in September or at a later time?

A. Yes, sir.

Q. So that people who were older than he was, with a 1949 birthdate, were ordered for induction after he was ordered to report for civilian work?

A. Yes, sir. (Transcript pp. 70–71)

 The record reveals that older men (at least seven in number) were not inducted before Appellant, although they were classified I–A at the time Appellant's work order was issued.[5] It was also established at trial that Appellant was the seventh youngest man to be called for service (civilian or military) in August, 1969. It is therefore clear that the apparent departure from the normal sequence of oldest first induction placed Appellant on the August call list when he otherwise would not have been liable for service at that time. This proof established a sufficient prima facie case so as to require the Government to explain the reason for the delay in the call of the older men. United States v. Smith, 443 F.2d 1278, 1279 (9th Cir. 1971); United States v. Smith, 314 F. Supp. 1336 (D.Mass., 1970).

Here, however, there is additional evidence suggesting the board's disregard of appropriate order of call regulations. Again questioning the board secretary defense counsel sought to learn the reason that the order to report was issued when it was:

Q. Now the processing of his civilian work assignment was completed by August 4th, 1969, is that correct?

A. Yes, sir.

Q. (continuing) Now, this being so, why was an order to report for civilian work issued on August 12th?

A. This was just a suitable time to do so. I don't know specifically. (Transcript p. 53)

5. Although the quoted testimony does not specifically indicate that the men were I–A in August the inference can properly be drawn from the secretary's testimony as a whole. Apart from her statements, the I–A status of the men necessarily appears from the fact that they were available for induction in September. Since the board was required to allow several days for any reclassification notices to be delivered to the men and then to accord them a full thirty day appeal period before beginning the induction process it is apparent that any men inducted in September were necessarily I–A in August. Had the Government shown that these mandatory delays were the only reason for the failure to induct the older men before Appellant the propriety of the order of call would have to be sustained. Since the Government alone has full access to the individual records of the men it was incumbent upon the Government to explain the reason for the delay by reference to those individual records.

From this and similar statements of the secretary it seems likely that little or no effort was made to relate the issuance of Appellant's work order to the sequence of induction priorities.

The defendant, thus having established a prima facie case of irregularity, the burden was on the Government to come forward with proof sufficient to establish the propriety of the board's order of call.

■ The Government attempted to do this by introducing testimony explaining those general reasons which might typically delay a particular registrant's induction; pending appeals, the lack of a physical examination, submission of new information by a registrant, etc. While it is likely that such acceptable reasons could explain the failure of one or more of the older men to be inducted before Appellant, the mere existence of such a possibility is not sufficient to sustain the Government's burden of proof. United States v. Baker, 416 F.2d 202, 205 (9th Cir. 1969). The requirement that a specific explanation be offered to justify the delayed induction of each individual serves to maintain a constant check on the accuracy of the board's actions. Such accuracy must be guaranteed or the presumption of validity which attaches to the board's actions could not properly be retained in criminal cases.

Compelling the Government to explain why the inductions of seven older men were delayed is hardly the "impossible task" the Government contends it to be (brief, p. 15). In *Weintraub, supra,* the Government successfully explained such delays involving eighteen registrants and in United States v. Smith, 443 F.2d 1278, 1279 (9th Cir. 1971), the burden was borne with respect to thirty-three individuals.

■ The Government contends that even if an error was committed with respect to the August call-up Appellant was not thereby called before the time he would have been inducted had he been I–A. It bases this contention on the testimony of the board secretary that men younger than Appellant and classified I–A had been inducted before August, 1969 and that only the time necessarily involved in processing any conscientious objector's record led to the delaying of Appellant's work order until August.

■ This argument is without merit. The relevant time to test the validity of a work order is at the time of its issuance. In August, 1969 Appellant would not have been liable to induction had he been I–A according to evidence submitted by him and not refuted by the Government. It follows that he could not have been available for alternative civilian work service at that time either under 32 C.F.R. § 1660.20. Any other approach to the question would involve the court and the local board in fruitless speculation about hypothetical availability. *See* United States v. Reckord, *supra,* 51 F.Supp. 507, 512 (D.Md., 1943).

The Government has failed to prove that the proper order of call was followed by the local board in issuing Appellant's work order. Since an essential element of the prosecution's case was not established Appellant's motion for a directed verdict should have been granted.

We therefore conclude that the judgment should be and it is hereby reversed, and the action is remanded to the District Court with directions that a judgment of acquittal be entered.