**UNITED STATES of America,**
**Appellee,**

v.

**Steven Kenneth HOWELLS, Appellant.**

**No. 71-2173.**

United States Court of Appeals,
Ninth Circuit.

Dec. 28, 1971.

Rehearing Denied Jan. 25, 1972.

---

Paul Mike Goorjian, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty., Chief, Crim. Div., Fredric F. Tilton, Jerry K. Cimmet, Michael Field, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before HAMLEY, DUNIWAY and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant was indicted, tried and convicted in a non-jury trial for violation of 50 U.S.C. App. § 462 [refusing to submit to induction into the Armed Services]. He assigns two errors. We find the assignments without merit and affirm.

## FACTUAL BACKGROUND

On November 18, 1968, appellant's local board in Ohio ordered him to report for induction on the following December 5th. He requested that his induction be transferred to California and was then ordered to report for induction in Oakland on January 9, 1969. He reported, but refused to submit to induction.

Although called upon by the State Director to deliver only 356 registrants during the twelve months preceding appellant's induction order, his local board, in fact, delivered 455 registrants. For December, 1968, the call on appellant's board was for five registrants, yet, six were delivered. On November 25, 1968, his local board prepared a delivery list of its registrants who had been ordered to report for induction on December 5th. Appellant was listed as number two. It is agreed that appellant should have been listed fourth on the list. During this period, the Ohio appeal board reviewed those other files sent to it from appellant's local board on November 20th and retained all three registrants in Class I–A. Notice of this classification was mailed to each of the three registrants on November 25th. Although these registrants had exhausted their right to appeal, were older than appellant and were acceptable for induction, they were not placed on the December delivery list.

## ISSUES

Appellant contends: (1) that the delivery of more men than called upon by the state director, during the preceding year, resulted in the local board calling appellant out of proper order, and (2) that the failure of the local board to call the three registrants whose appeal had been denied resulted in calling appellant out of proper order.

■ (1) The settled law in this circuit is that the order of call affects a registrant's substantial rights. United States v. Smith, 443 F.2d 1278, 1279 (9th Cir. 1971); United States v. Baker, 416 F.2d 202, 204 (9th Cir. 1969). However, it is our conclusion that nei-

ther *Smith* nor *Baker* controls in our factual environment.

Appellant insists that the local board is authorized to deliver only the number of men called for by the state director under the provisions of 32 C.F.R. § 1631.7(a).[1] The appellee insists that the pertinent statute and regulations must be construed *in pari materia*, and when so construed they contain built-in adjustments which prevent a prejudicial effect beyond the specific month in which there is an overcall.

The machinery for establishing quotas and call for delivery and induction is established by both statute, 50 U.S.C. App. § 455(b),[2] and regulation, 32 C.F.R. § 1631.1. Under the statutory mandate and implementing regulations, the quota of inductees for each month is the result of a credit and debit computation which is governed by the overall intake of manpower into the armed forces from each area. Consequently, if the local board sends a greater or a lesser number of men than ordered by the state director, the latter would, by reason of the credit and debit system, take this into consideration in determining the new call for the following month. While we cannot ". . . leave the local boards free to perpetrate inequities through improper processing of favored registrants," United States v. Smith, *supra*, p. 1280, we are required to recognize the problems of the state director and read the statute and the regulations with sufficient flexibility to provide him with room to meet his responsibilities. United States v. Jones, 431 F.2d 619, 620 (9th Cir. 1970). In this connection, we are compelled to recognize the duty of each board to induct a definite number of men each month. To secure the necessary manpower, it is necessary that the notice of call on local boards take into consideration the probable postponements, transfers and refusals to report. The state director, under the provisions of 32 C.F.R. § 1631.2(d),[3] is required to file a monthly report showing a computation and allocation of the debits and credits for each local board in his state. Likewise, under the provisions of 32 C.F.R. § 1631.3, the state director is required to determine the quotas, credits and debits for each local board in his state. Should a local board, as on the record before us, forward more men

---

1. "When a call is received by a Notice of Call on Local Board (SSS Form 201) from the State Director of Selective Service for a specified number of men to be delivered for induction, . . . the Executive Secretary or clerk, if so authorized, or a local board member shall select, . . . and issue orders to report for induction to the number of men required to fill the call . . . ."

2. 50 U.S.C.App. § 455.
   "(b) Quotas of men to be inducted for training and service under this title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix] shall be determined for each State, Territory, possession, and the District of Columbia, and for subdivisions thereof, on the basis of the actual number of men in the several States, Territories, possessions, and the District of Columbia, and the subdivisions thereof, who are liable for such training and service but who are not deferred after classification, except that credits shall be given in fixing such quotas for residents of such subdivisions who are in the armed forces of the United States on the date

   fixed for determining such quotas. After such quotas are fixed, credits shall be given in filling such quotas for residents of such subdivisions who subsequently become members of such forces. Until the actual numbers necessary for determining the quotas are known, the quotas may be based on estimates, and subsequent adjustments therein shall be made when such actual numbers are known. All computations under this subsection shall be made in accordance with such rules and regulations as the President may prescribe."

3. "(d) Each State Director of Selective Service shall report periodically to the Director of Selective Service on *State Monthly Report of Deliveries*, Inductions, and Examinations (SSS Form No. 262) the number of Notifications of Entry into Active Military Service (DD Form No. 53) and the number of reports of transfer or discharge properly forwarded to him for crediting and debiting purposes in his State. Each State Director of Selective Service shall also compute and allocate the debits and credits for each local board in his State." (Emphasis supplied.)

than requested the state director upon his review of the figures at the state level would discover the error and this would result in a lower call on the local board in the next call period. Obviously, under the statutes and the regulations, there can be no cumulative effect of an overcall in any particular month.

■ Appellee concedes that there was an overcall of one existing in the month for which appellant was called. However, appellant's name was within the number specified in the notice of call. In these circumstances, appellant was not prejudiced. United States v. Smith, *supra*; United States v. Thompson, 443 F.2d 341 (9th Cir. 1971); United States v. Jones, *supra*. On issue number (1), we hold that the record before us does not support appellant's contention that there was a violation of the statute or the regulations promulgated thereunder, which in any way affected appellant's rights.

■ (2) Appellant argues that the failure of the local board to call the three registrants whose appeal had been turned down resulted in calling appellant out of proper order and that United States v. Smith, *supra,* and United States v. Baker, *supra,* require a reversal. The validity of appellant's argument on this issue turns on whether the three files received by the local board from the Ohio appeal board on the same day that the December delivery list was drawn up, should have been processed prior to appellant's. This was one week after the local board had mailed appellant's order to report for induction. The regulations, 32 C.F.R. § 1632.1, provide, among other things, ". . . The date specified for reporting for induction shall be *at least* 10 days after the date on which the Order to Report for Induction (SSS Form No. 252) is mailed, . . . ." (Emphasis supplied.)

Here, the three files were received by the local board on November 25, 1968. The induction date was the following December 5th. Assuming, *arguendo,* that the local board would have been able to process the three registrants for induction and mail induction orders on the same day the files were received from the appeal board, the induction date would have been only the tenth day following such mailing. The undisputed testimony is that the standard procedure of the local board would require the mailing of induction notices by November 24th to the three registrants in question. This would be one day prior to notification that the appeal board had continued the registrants in I–A classification. True enough, as argued by appellant, the local board could have mailed out induction notices to the registrants on the 25th and still met the ten day notice requirement of the regulation. Our previous decisions make it clear that the regulations were not promulgated for the purpose of placing a local board in a "strait-jacket". As was said in United States v. Smith, *supra,* p. 1280, ". . . It is not the function of this court to undertake a full-scale review of administrative procedure, or to establish arbitrary time deadlines. Where the regulations provide such deadlines, they will be enforced. Otherwise, in the absence of intentional delay, discriminatory treatment, or favoritism, the administrative action will be upheld."

■ Additionally, a registrant who refuses induction must convince the finder of fact that the higher priority registrant, if properly processed would have been fully qualified for induction at the time of his order. United States v. Smith, supra, p. 1280.

The judgment of conviction is affirmed.