**UNITED STATES of America,
Plaintiff,**

**v.**

**Philip Craig MacDONALD, Defendant.**

**No. CR 71–973.**

United States District Court,
N. D. California.

March 15, 1972.

James L. Browning, Jr., U. S. Atty., Robert E. Carey, Jr., Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Gary A. Patton, Santa Cruz, Cal., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

ZIRPOLI, District Judge.

This is a prosecution for failure to submit to induction in violation of 50 U.S.C. App. § 462(a). The defendant registered with his local board on December 22, 1969. He was classified I–A on August 10, 1970 and subsequently ordered to report for a pre-induction physical examination on October 15, 1970. DD Form 62 was properly mailed. On December 30, 1970, defendant's local board ordered him to report for induction on January 25, 1971. After a postponement to permit consideration of defendant's belated claim of conscientious objection, defendant finally refused to submit to induction on March 24, 1971. This prosecution followed.

The defendant makes five arguments in support of his motion for judgment of acquittal. He challenges the manner of review of his case by the State and National Directors of the Selective Service System; he also alleges that he was misled as to the nature and consequences of induction; his remaining three arguments pertain to the acceleration of his selection for induction. Pursuant to the defendant's request for findings of fact, the court will briefly consider each of these arguments. F.R.Crim.P. Rule 23 (c).

■ The claim that the State and National Directors of the Selective Service System did not exercise their discretion to intervene in the defendant's case under 32 C.F.R. § 1625.3(a) is patently without merit. The National Director replied to the defendant's request for intervention as follows: "After having given careful consideration to the information presented in your correspondence, this Headquarters finds no basis for administrative action on our part at this time." The State Director replied similarly: "On the basis of the information you submitted, this Headquarters can find no basis for intervention in your case." Both letters make it clear that the Directors did exercise their discretion under § 1625.3(a) and decided not to intervene. This is all the law requires. See United States v. Lloyd, 431 F.2d 160, 171 (9th Cir. 1970): "While we would not disturb the State Director's exercise of his discretion in this matter, due process does require that

this discretion be exercised. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681."

■ The defendant next claims that he was misled because he was not informed that he could present his claim of conscientious objection after induction, although Ehlert v. United States, 402 U.S. 99, 105–107, 91 S.Ct. 1819, 28 L.Ed.2d 625 (1971), makes it clear that he could. While it would be desirable if the local boards informed registrants submitting post-induction order claims of conscientious objection that such claims would be considered by the military after induction, the court cannot conclude that a local board is under a mandatory duty to do so. *See* United States v. Camara, 451 F.2d 1122 (1st Cir. 1971). As the court said in United States v. Lansing, 424 F.2d 225, 227 (9th Cir. 1970): "We need not delimit in this case the precise scope of a misleading government conduct defense. For it is clear that more is required than a simple showing that the defendant was as a subjective matter misled, and that the crime resulted from his mistaken belief." The failure charged here is not sufficient to constitute the unconscionably misleading conduct the courts require.

■■ Two of defendant's "order of call" defenses are similarly without merit. The defendant's induction was not accelerated by an overcall. The Notice of Call on Local Board (SSS Form 210) requested 54 registrants; the defendant's local board listed 59 men for induction with the Delivery List (SSS Form 261) showing one registrant postponed and four cancelled.

"The problems of the State Director must be borne in mind and the regulations read with sufficient flexibility to provide him room to meet his responsibilities. His duty to the state is to deliver a specified number of men. The question remains how many men must be ordered for induction in order to meet this quota. The responsibility for determining this question, in Cali-

fornia at least, is assumed by the State Director and his determination is based on state-wide experience as to the extent of state-wide overcall of registrants necessary to produce the state quota." United States v. Jones, 431 F.2d 619, 620 (9th Cir. 1970).

Nor was the defendant's induction accelerated by the illegal bypassing of other registrants who were, or should have been, available for induction on December 30, 1970. United States v. Smith, 443 F.2d 1278 (9th Cir. 1971), requires the defendant to establish this defense by showing that the local board violated a specific regulation which delayed significantly the time when a higher priority registrant became fully acceptable for induction. However,

"[i]t is not the function of this court to undertake a full-scale review of administrative procedure, or to establish arbitrary time deadlines. Where the regulations provide such deadlines, they will be enforced. Otherwise, in the absence of intentional delay, discriminatory treatment, or favoritism, the administrative action will be upheld." *Id.* at 1280.

To prevail in this case, the defendant must show that three registrants were illegally bypassed. The government has conceded two; the court is unable to discover a third. Accordingly, the court finds no merit to the defendant's first two order of call defenses.

■ The defendant's third order of call argument arises from the implementation of the lottery system of selecting men for induction into the armed forces. 32 C.F.R. § 1631.7(b) provides:

(b) Registrants shall be selected and ordered to report for induction in the following categories and in the order indicated:

(1) Volunteers who have not attained the age of 26 years in the sequence in which they have volunteered for induction.

(2) Nonvolunteers in the Extended Priority Selection Group in the order of their random sequence number es-

tablished by random selection procedures prescribed in accordance with paragraph (d) of Section 1631.5.

(3) Nonvolunteers in the First Priority Selection Group in the order of their random sequence number established by random selection procedures prescribed in accordance with paragraph (d) of Section 1631.5.

(4) Nonvolunteers in each of the lower priority selection groups, in turn, within the group in the order of their random sequence number established by random selection procedures prescribed in accordance with paragraph (d) of Section 1631.5.

(5) Nonvolunteers who have attained the age of 19 years during the calendar year but who have not attained the age of 20 years, in the order of their dates of birth with the oldest being selected first.

(6) . . . .

(7) . . . .

Since defendant was born on December 15, 1951, on December 30, 1970 he was a member of the group described in subsection (5). He did not become a member of the First Priority Selection Group for 1971 until January 1, 1971. 32 C.F.R. § 1631.7(c) (2) defines the First Priority Group in 1970 and later years as follows:

(2) First Priority Selection Group:

(i) 1970. In the calendar year 1970, nonvolunteers in Class I–A or Class I–A–O born on or after January 1, 1944, and on or before December 31, 1950, who have not attained the 26th anniversary of the dates of their birth.

(ii) 1971 and later years. In the calendar year 1971 and each calendar year thereafter, nonvolunteers in Class I–A or Class I–A–O who prior to January of each such calendar year have attained the age of 19 years but not of 20 years and nonvolunteers who prior to January 1 of each such calendar year have attained the age of 19 but not of 26 years and who during that year are classified into Class I–A or Class I–A–O.

The question is whether on December 30, 1970 the defendant was validly ordered to report for induction on January 25, 1971, notwithstanding that at the time he was so ordered he was not yet a member of the First Priority Selection Group for the calendar year 1971.

The government's position is that so long as the defendant was given a reporting date in 1971, when he *would be* a member of the First Priority Selection Group, he could be ordered to report in 1970 as if he were *already* a member of the 1971 First Priority Selection Group. The court disagrees. The operative language of 32 C.F.R. § 1631.7(b) states that "registrants shall be *selected and ordered to report*" in the order indicated in the following subsections. (Emphasis added.) At the time the defendant was selected and ordered to report for induction, there were registrants available from the First Priority Selection Group for 1970. Therefore, the local board violated the order of call, and the defendant must be acquitted.[1]

■■ The court realizes that this is a fine distinction. Under the court's analysis, defendant could have been properly ordered to report for induction only two days later than he actually was, and the date for reporting might well have been the same. However, the courts have traditionally been sensitive to local board actions which advance, even by a few days, the date a regis-

1. The courts require the government to prove proper order of call when the defendant introduces evidence that calls the presumption of regularity into question. "Once the criminal defendant introduces 'some evidence' of irregularities in the call-up order, however, the Government has been required to prove beyond a reasonable doubt that the proper order was, in fact, followed. Rusk v. United States, 419 F.2d 133 (9th Cir. 1969)." United States v. Dudley, 451 F.2d 1300 (6th Cir. 1971). The government has not succeeded in proving that its interpretation of the regulations here involved is correct.

trant is ordered to report for induction. *See, e. g.,* United States v. Brown, 290 F.Supp. 542, 550 (D.Del.1968). Moreover, since issuance of the order to report for induction cuts off all rights to reopening except in very narrow circumstances, 32 C.F.R. § 1625.2, the date of that order assumes crucial importance. Finally, it makes no difference that the defendant's induction date was postponed to March 24, 1971. The original order to report for induction was void *ab initio.* United States v. Zablen, 436 F.2d 1075 (9th Cir. 1971). The letter which the defendant received advising him to report for induction on March 24, 1971, based thereon, was also void. United States v. Guymon, 438 F.2d 634 (9th Cir. 1971).

Defendant's motion for judgment of acquittal is granted.