**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Douglas George BEAN, Defendant-Appellant.**

No. 72–1152.

United States Court of Appeals, Ninth Circuit.

June 1, 1972.

Jerry Berg (argued), formerly of Collins, Hays, Stewart, Berg, Pott &· Sanford, Inc., San Jose, Cal., for defendant-appellant.

John F. Cooney, Jr., Asst. U. S. Atty. (argued), Robert Carey, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BARNES, ELY, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Judge:

Douglas George Bean was convicted for refusing to submit to induction, in violation of 50 U.S.C. App. § 462(a). His appeal asserts that the order to report for induction was void because it was mailed early.

Bean was born on October 16, 1951, and was classified I–A by his local board on July 14, 1970. On January 1, 1971, Bean became available for induction as a member of the First Priority Selection Group. However, his order to report for induction on January 26, 1971, was sent on December 22, 1970.

The government argues that since Bean's reporting date was January 26, 1971, at which time he was eligible for selection and induction, the mailing of notice of induction ten days early was not prejudicial, and did not render the notice void.

In ordering Bean to report for induction, however, the Board affected his rights under the selective service laws. Bean was entitled to file an application for conscientious-objector classification at any time up until he was lawfully ordered to report. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). He argues that the early order is not authorized by regulations. 32 C.F.R. 1631.7(b); Exec. Order 11563, 35 Fed.Reg. 15435 (Oct. 3, 1970). The regulation requires that registrants in Bean's category be "selected and ordered to report" on or after January 1, 1971, and not before. United States v. MacDonald, 340 F.Supp. 7 (N.D.Cal., 1972).

We agree that the order was issued ten days too soon. Because the order affected substantial rights, we cannot say that the early mailing was not prejudicial. The irregularity thus makes the order subject to collateral attack in this case. The judgment of conviction must be set aside.

In view of our decision, we need not reach other defenses briefed and argued in this appeal. .

Reversed.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.