**Richard D. YATES, Jr., Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7117.**

United States Court of Appeals First Circuit.

Decided Feb. 14, 1969.

Robert S. Frank, Jr., Boston, Mass., by appointment by the Court, with whom Choate, Hall & Stewart, Boston, Mass., was on brief, for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., and Edward F. Harrington, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM.

On December 13, 1968, we rendered our decision in Yates v. United States, 404 F.2d 462 (1st Cir. 1968), affirming appellant's conviction for refusal to submit to induction in the armed forces.

By petition for rehearing defendant asks that we reconsider our prior holding relating to two issues—order of call and custodianship of selective service files.[1] Normally, our disposition of a petition for rehearing is not accompanied by an opinion; however, we choose to expand upon our opinion in the present case in regard to order of call so that any misunderstanding may be prevented.

---

1. Petitioner's argument with respect to the custodianship of his selective service files was thoroughly considered and adequately disposed of in our earlier opinion.

We begin by observing that each of petitioner's contentions flows from his interpretation of the concept of "element of the offense" as automatically involving certain inevitable consequences in every case. We rejected this view in our original opinion, and we continue to do so, because we think that, especially in this area of the law, analysis is not aided by labels, and that classification of order of call as an element of the offense does not in itself conclusively settle questions relating to the presentation and resolution of the issue.[2]

Specifically, petitioner argues that our original opinion's reliance on a presumption of regularity where the order of call issue was not raised at trial is erroneous in that the presumption shifts the burden of proof to the defendant in a criminal case, and moreover that the presumption has no basis in fact or law.

■■ We were careful to state in our opinion that the government *always* has the burden of proof on the order of call issue and that a defendant, if he so requests, is entitled to an instruction on order of call.[3] However, where no evidence is presented at trial, the government will be aided by a presumption. The presumption is, however, only permissive. The jury may find that the defendant was called in order, but it is not compelled to do so. As we indicated in our earlier opinion, we do not think that this is unfair to defendants, and it certainly does not constitute a shifting of the burden of proof.[4]

■ Petitioner also challenges the correctness of the presumption by arguing that there is not a sufficiently close connection between the facts shown and the fact presumed. Essentially, petitioner contends that the presumption is given its *prima facie* force by the fact of the defendant's silence, and not by virtue of the efficiency of the Selective Service System. We think that petitioner has misconceived the point of our holding. The *prima facie* force of the presumption does not stem from defendant's silence but rests on the assumption—well established in our legal system—that, absent assertions to the contrary, an administrative agency has followed its own rules and regulations. *See,* Oestereich v. Selective Service Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) (concurring opinion of Harlan, J.).

Petitioner places special emphasis on our language from our earlier opinion where we indicated that the presumption rests not so much upon the proven efficiency of the Selective Service System as upon the unworkability of detailed proof. We did not, of course, mean to imply that the traditional basis for applying a presumption of regularity is absent here. Moreover, we are unmoved by petitioner's allegation that proper order of call is easily proved by a comparison of delivery lists with oldest-first classification records. We are unmoved because petitioner's reliance on the most recent delivery lists and classification records involves a concomitant reliance upon a presumption of regularity with

---

**2.** Petitioner's challenge to the indictment is deserving of little, if any, comment. The question was considered in our original opinion, and we reassert our belief that the indictment contained the elements of the offense charged and sufficiently apprised the defendant of what he would have to be prepared to meet.

**3.** In view of his failure to request such an instruction we think that the court's general charge to the jury—that the government had the burden of proof to show that the defendant was liable for service—was sufficient.

**4.** We think that this also disposes of petitioner's argument that the presumption exposes a defendant to the possibility of proving the government's case. A defendant is not required to offer any evidence on order of call. As a practical matter, if a defendant raises the issue, it will be the government which is compelled to offer evidence. We also note that it is not impossible that a defendant may be able to show evidence of improper order of call. *See,* United States v. Smith, 291 F.Supp. 63 (D.N.H. 1968).

**52**

respect to the accuracy of the lists. If such a presumption is valid for petitioner's purposes, why is it invalid in the context of our opinion? On the other hand, if petitioner would not be content to rely upon the recent lists, then the problems of proof which we adverted to in our opinion are present. Thus, not only would the government in such event have to establish the accuracy of the lists, but we see no basis for limiting how far into the past the government would be required to prove that registrants were called in order.

We reaffirm our view, expressed in our earlier opinion, that the approach which we have chosen is most consistent with the practical demands of the system and fairness to defendants.

Petition for rehearing denied.