**UNITED STATES of America**

**v.**

**Robert M. SMITH.**

**Crim. No. 68–321–C.**

United States District Court,
D. Massachusetts.

June 26, 1970.

---

Richard E. Bachman, Asst. U. S. Atty., for the United States.

John G. S. Flym, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

Defendant was indicted for violation of 50 App.U.S.C.A., sec. 462, wilful refusal to submit to induction. After trial and the return of a guilty verdict by the jury, defendant filed a motion for judgment of acquittal or alternatively for a new trial, on the grounds (1) that the Government did not prove one of the essential elements of the crime charged, namely, that the order to report for induction issued to him was a lawful order, and (2) that the Government's evidence on the issue of wilfulness was insufficient to prove that element beyond a reasonable doubt.

Defendant's argument on the issue of wilfulness is premised on the fact that he is admittedly 100 per cent deaf in his left ear but is possessed of normal hearing in his right ear, and that on the basis of the medical testimony and his own testimony, the jury could not properly find beyond a reasonable doubt that he acted wilfully. I rule that the evidence adduced at the trial presented a jury question on the issue of wilfulness which was submitted to them under adequate instructions as to what constituted wilfulness, which issue was obviously resolved adversely to defendant.

With regard to the question of proper order of call, defendant's theory is that the Government failed to prove that he was called in the proper sequence, in compliance with the requirements of Selective Service Regulation No. 32 C.F. R. 1631.7.

An order to a registrant to report for induction out of the proper order of call as established by the regulation cited above, is an illegal order, and a defendant cannot be convicted for not obeying an illegal order. Olvera v. United States, 223 F.2d 880 (5 Cir., 1955); Robertson v. United States, 404 F.2d 1141 (5 Cir., 1968).

The Court of Appeals for this Circuit, in Yates v. United States, 404 F.2d 462 (1 Cir., 1968), has ruled that an indictment such as that involved in the instant case does not have to allege specifically that the defendant was called for service in the proper order and that such an allegation

"is included in the general allegation that the defendant 'did unlawfully * * * neglect to perform a duty required of him under * * * the Universal Military Training and Service Act and the rules, regulations and directions duly made pursuant thereto * * *'" (p. 465).

In a second opinion, filed in response to a petition for rehearing, reported as Yates v. United States, 407 F.2d 50 (1

Cir., 1969), the Court of Appeals first observed (at 50):

"Normally, our disposition of a petition for rehearing is not accompanied by an opinion; however, we choose to expand upon our opinion in the present case in regard to order of call so that any misunderstanding may be prevented."

The Court then ruled (at 51):

"The government *always* has the burden of proof on the order of call issue."

and on the same page, footnote 4, the Court further stated:

" * * * A defendant is not required to offer any evidence on order of call. As a practical matter, if a defendant raises the issue, it will be the government which is compelled to offer evidence."

Accord, United States v. Baker, 416 F.2d 202 (9 Cir., 1969).

At the trial the defendant called as a witness Colonel Remo Gandin, a manpower officer attached to the Massachusetts Selective Service Headquarters. He testified on the basis of defendant's Exhibit B, a binder containing the original Forms 102 for registrants with defendant's Local Board, using registration numbers rather than actual names to identify the registrants to whom reference was made. Colonel Gandin testified as to seven registrants with Local Board No. 122, Quincy, that the Forms 102 for these seven men indicated that each of them was older than the defendant, each of them was classified 1–A by Local Board No. 122 before defendant was so classified, and none of the seven have been ordered to report for induction prior to or at the same time that defendant was ordered to report. Colonel Gandin further testified that these forms alone did not afford a basis for determining whether or not the other seven registrants, or any of them,

should have been ordered to report for induction prior to defendant, or whether there was a valid reason for their not having been ordered to active duty before defendant.

I rule that the notice to the Government contained in defendant's pre-trial motion for discovery and inspection under Rule 16(b), Federal Rules of Criminal Procedure, clearly and unequivocally notified the Government before trial that order of call was going to be an issue at the trial, and also that Colonel Gandin's testimony as to the information revealed by the Forms 102 notified the Government during the trial that it was in fact an issue.

■ The second of the two *Yates* opinions handed down by the Court of Appeals for this Circuit, Yates v. United States, 407 F.2d 50, 51, clearly obligates the Government to prove that a defendant was ordered to active duty in the proper order of call. The Government offered no evidence at the trial to sustain its burden of proving that the defendant had been called in proper order. Consequently, I rule that the jury verdict may not stand on the facts of this case, absent any evidence on this essential element of the Government's case.

■ I further rule that while *Yates* establishes that in cases where the issue as to order of call is not raised the Government may rely on the presumption of regularity, *Yates* also teaches that once the issue is raised by the defendant the Government is "compelled to offer evidence." *Yates, supra,* 407 F.2d at 51, n. 4. cf. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

The motion for judgment of acquittal is allowed, the jury verdict is set aside, and judgment will be entered for defendant.

Order accordingly.