**UNITED STATES of America**

v.

**Barry Williams GRIGLIO.**

**Crim. No. 71–21–G.**

United States District Court,
D. Massachusetts.

Dec. 9, 1971.

Asst. U. S. Atty. Robert Collings, for United States.

Edward F. Haber, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

Defendant was indicted for wilfully failing to comply with an order of his local draft board to report for and submit to induction, thereby violating 50 U.S.C. App. § 462. The case was tried without jury. It was stipulated that the defendant was ordered to report for induction on October 15, 1969 and that he failed and neglected to submit to induction at that time. The only issue is whether defendant was called for service in proper order, i.e., the so-called order-of-call defense. Cf. Gutknecht v. United States, 1970, 396 U.S. 295, 304–306, 90 S.Ct. 506, 24 L.Ed.2d 532; see Yates v. United States, 1 Cir., 1968, 404 F.2d 462. Selective Service regulations in effect at the time required local boards to call available registrants "oldest first," see 32 C.F.R. § 1631.7, and the government must meet the burden of demonstrating that the proper order was followed. See Yates v. United States, 1 Cir., 1969, 407 F.2d 50, 51.

The facts are not disputed. On September 9, 1969 the state director, Selective Service System, mailed a Notice of Call on Local Board to Local Board No. 83, Springfield, Massachusetts, requesting delivery of 27 men for induction on October 15. Pursuant to this notice, the executive secretary of Local Board No. 83 mailed 31 orders to report for induction on September 12; by age, defendant was thirteenth from the top of the list of those called. By letter dated September 19 and received by the Local Board on September 22, the state director ordered that the call be reduced from 27 to 16 men and that "those registrants issued induction orders but who as a result of the reduction in the call on your local board would not be selected shall be notified that their induction order is *cancelled.* . . ." [Emphasis is original.] Local Board No. 83 did not cancel any of the original 31 orders.

For the defendant to prevail under the order-of-call defense, mere non-prejudicial error on the Board's part as to one or more registrants older than the defendant is insufficient.* United States v. Weintraub, 2 Cir., 1970, 429 F.2d 658, cert. den., 400 U.S. 1014, 91 S.Ct. 572, 27 L.Ed.2d 627. Prejudice will appear if the number of older registrants omitted erroneously from a particular delivery list is such that, had they been included, there would have been no need for the inclusion of the defendant. This number will obviously depend on the size of the challenged list and a defendant's position on it. For example, if a registrant's name appears last on the list, he will have been prejudiced if the Board erroneously omitted a single older available registrant; assuming next to the last, if at least two were erroneously omitted, etc. Thus in the instant case the court must first ascertain how many registrants could properly have been called on September 22, the date of the amended call. Next, defendant's proper position on the delivery list, by age and other applicable criteria, must be determined. From these two findings, the court can readily see the number of older registrants who would

---

* United States v. Camara, 1 Cir., 451 F.2d 1122, decided Dec. 2, 1971.

have to have been inserted on the delivery list ahead of defendant to have eliminated the need to call him. The government then bears the burden of demonstrating that such number of older registrants were unavailable on the critical date.

Regarding the last question, the parties have stipulated information from the Selective Service files of 28 registrants, designated by defendant after a pretrial examination of the Local Board's Form 102 Classification Register and pertinent files, each of whom was older than defendant and was classified 1–A as of September 12, 1969, but was not included with defendant among those ordered to report on that date. To preserve the confidentiality[1] of their files in accordance with 32 C.F.R. §§ 1606.31, 1606.58(a) etc., these registrants have been referred to by the numbers 1 through 28.

## I.

There is no dispute that, as of September 22, sixteen men could properly have been called. On that date, the Board also had information sufficient to conclude that three of the first sixteen called on September 12 would not be available to report, two having qualified for 1–S(C) deferments and a third having enlisted in the Naval Reserve prior to receiving his induction order. In addition, the registrant who was placed seventeenth from the top of the original delivery list had also been classified 1–S(C) on September 22. Thus, for the Board to meet its quota of sixteen, according to the information available to it on September 22 it was necessary that twenty orders remain outstanding.

■■ Under 32 C.F.R. § 1631.7(b), the regulation then in effect, the Board was authorized to issue supplementary orders "whenever the number of postponements of induction materially re-

duces the number of men the local board actually can deliver . . .." This regulation in no way provides for a predetermined "margin of error" but rather allows for extra orders as they become necessary; therefore, orders previously mailed to those registrants younger than the twentieth on the original delivery list should have been cancelled on September 22 as ordered by the State Director. Nevertheless, under § 1631.7(b), twenty orders could properly be left outstanding to assure delivery of sixteen. And since the language of § 1631.7(b) is mandatory and not discretionary ("the local board shall issue"), it is not error if the decision were made by the executive secretary and not the Board. See United States v. Powers, 1 Cir., 1969, 413 F.2d 834, 840.

## II.

■ The proper number to have been called as of the date of the amended call being twenty, the court turns next to defendant's contention that he is properly fifteenth on that list (sixth from the bottom) rather than thirteenth (eighth from the bottom) as listed by the Board. Defendant argues that two registrants listed below him on the same delivery list who had failed to report on a previous date should have received highest priority and should, therefore, have been listed above him. The court agrees. Both 32 C.F.R. § 1631.7(a) (1) and 32 C.F.R. § 1631.8(c) evince a clear policy demanding such priority treatment. Thus, given the proper list of twenty, defendant will be acquitted if six or more of the older registrants who were not called were improperly passed over. As previously explained, defendant has designated twenty-eight older registrants who were not called before him and the government must show that at least twenty-three of them were not improperly passed over.

---

1. The files of other registrants are confidential, 32 C.F.R. § 1606.31, 1670.5. The Director may, however, waive the privilege and permit an examination, 32 C.F.R. §§ 1606.35(b), 1670.17(b) and he did so in this case upon application by the United States Attorney. Cf. United States v. Baker, 9 Cir., 1969, 416 F.2d 202.

### III.

In assessing which, if any, of these registrants were improperly passed over, the court is faced with a problem in analysis for which the cases provide as yet unsettled guidelines. See cases collected in opinion of Mr. Justice Douglas, dissenting from the denial of certiorari in Weintraub v. United States, *supra*, at 400 U.S. 1014, n. 3, 91 S.Ct. 572, 27 L. Ed.2d 627. Defendant argues that the government's burden of proof on order of call requires that it justify all of the Board's acts relating to the twenty-eight older registrants. He asks that the court determine whether, at any point in time however removed from September 1969, the Board erred in such a manner as to delay the availability of a registrant. In postulating this approach to the order-of-call issue, defendant advances no formula, supported by regulations or otherwise, by which the court can ascertain any "correct" availability date on which such registrants should have been called and which would enable the court to determine a specific date when defendant should have been called.

Both *Yates* decisions[2] dealt with the applicability of the presumption of administrative regularity to cases such as this. While recognizing that, absent effective raising of the order-of-call issue by a defendant, the presumption might still be relied upon, Yates v. United States, *supra*, 407 F.2d at 51, the court stressed that "the government *always* has the burden of proof on the order of call issue," *id.*, and that, once the defendant raises the issue, the presumption is removed from the case and the government must go forward with affirmative proof of proper order of call.

At the same time, the court referred to the problem of "limiting how far into the past the government would be required to prove that registrants were called in order" and indicated that the competing interests to be balanced are "the practical demands of the system" and "fairness to defendants." *Id.* at 52. In striking this balance, open-ended review of Board action of the kind proposed by the defendant is not in our view a part of the ·government's burden.

The standard of proof which should be applied must conform to the fundamental principles governing judicial review of Board decisions. As stated in United States v. Weintraub, *supra*, 429 F.2d at 660:

> "We start with the statutory direction that the decisions of the boards shall be final, 50 U.S.C. App. § 460, held to bar judicial review unless lacking any basis in fact. Estep v. United States [327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567], supra; United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). To meet this strict demand in an attack on another's classification, deferment or postponement of call a defendant needs to show action by the board so lacking in support in the record as to be arbitrary and capricious."[3]

In our opinion it follows that (a) the court's determination of the propriety of the Board's bypassing older registrants must focus, albeit not exclusively, on the date of compilation of the delivery list which included the defendant, (b) the government must demonstrate by affirmative evidence a basis in fact for bypassing older registrants and (c) the

---

2. After an initial discussion of the order-of-call defense in Yates v. United States, 1 Cir., 1968, 404 F.2d 462, the court filed a second, clarifying opinion denying defendant's petition for rehearing. Yates v. United States, 1 Cir., 1969, 407 F.2d 50.

3. The reference to what a defendant need show reflects the rule followed in the Court of Appeals for the Second Circuit which places upon the defendant the burden of proving that the order of call was improper United States v. Sandbank, 2 Cir., 1968, 403 F.2d 38, 40. As already explained, *supra*, the rule in this circuit imposes no burden of proof upon a defendant and requires an affirmative showing by the government. However, this difference does not imply conflicting rules regarding the standard of review which should be applied.

government will meet its burden if it can prove that, on the date of the call, older registrants were justifiably deemed not available and that the Board's decision to pass them over was therefore non-arbitrary. That older registrants were "justifiably deemed not available" means that their omission from the delivery list was not predicated upon egregious individual error or a pattern of plain error or discrimination.

■ Under this standard, eighteen of the twenty-eight registrants not called clearly were unavailable. Eight (Nos. 1, 3, 5, 10, 12, 18, 19 and 23) had not undergone the requisite physical and mental examinations and had not received a DD Form 62 Statement of Acceptability. Ten (Nos. 4, 6, 9, 11, 15, 24, 25, 26, 27 and 28) were awaiting either a personal appearance or an appeal and, under 32 C.F.R. § 1624.3 and 32 C.F.R. § 1626.41, could not be ordered for induction. Nothing in the files or evidence elicited by defendant persuades the court of prior irregularity in these instances.

■ Four older registrants (Nos. 14, 17, 20 and 21) had previously received induction orders and had enlisted in apparent contravention of 50 U.S.C. App. § 465(d). Although such enlistments are not invalid, Tuxworth v. Froehlke, 1 Cir., 1971, 449 F.2d 763, they may still reflect unauthorized activity by Selective Service officials. The executive secretary testified, however, and the court finds that she did not replace these enlistees with other registrants on the delivery lists involved. In light of this fact, the effect upon the timing of defendant's order to report is the same as if these four had not enlisted and had reported for induction in due course.

And, again viewing the situation from the perspective of September 12, these registrants were simply not available as each had enlisted by that date.[4]

■ Another older registrant (No. 7) had submitted information to the Board which indicated that he was eligible for deferment. Although consideration by the Board of his request for III–A classification did cover an extensive period of time, the court will not second-guess any delay by the Board, nor will it improvise a set of deadlines not indicated by the regulations and apply them retrospectively. This request for reclassification was still under consideration by the Board on the critical dates and this registrant therefore was properly deemed not available.

■ Finally, the evidence showed no pattern of discrimination or plain error by the Board in its dealings with registrants in the past. Instead, the evidence established clearly that Local Board No. 83 operated in good faith and endeavored to apply controlling regulations impartially and to the best of its understanding. There is no hint that it ever discriminated for or against any group of registrants or any individual registrant.

■ Thus, without considering the situations of the remaining five registrants, at least twenty-three of the twenty-eight registrants older than defendant were, in the court's view, justifiably deemed not available and there was a basis in fact for not including them in the critical delivery list. Accordingly, defendant's motion for judgment of acquittal based on alleged improper order of call is denied; and the court finds that the defendant has been proved guilty beyond a reasonable doubt of the offense charged in the indictment.

4. As to No. 17, the court has no information regarding his actual date of enlistment but infers that it was over a week prior to September 19, the date upon which he entered active duty. Under no set of facts was this registrant available on September 22. Thus, even if he had been included on the September 12 delivery list, he would have to have been replaced on September 22 and the effect on defendant would be unchanged.