**UNITED STATES of America**

**v.**

**Sonny Brooks DEGRAFFENREID.**

**No. 71 Cr. 625.**

United States District Court,
S. D. New York.

July 10, 1972.

Whitney North Seymour, U. S. Atty., S.D.N.Y. by Geo. E. Wilson, Asst. U. S. Atty., for plaintiff.

Alfred Lawrence Toombs, New York City, for defendant.

EDELSTEIN, Chief Judge.

### FINDINGS OF FACT

Defendant having waived a trial by a jury his case was tried to this court on June 14, 15 and 20, 1972.

Defendant was indicted for failure to report for induction into the armed forces of the United States in violation of Title 50 Appendix, United States Code, Section 462(a) and Title 32, Code of Federal Regulations, Section 1632.14. Specifically, the indictment accused him of failure to report for induction on May 19, 1970, as ordered in writing (SSS Form No. 252) by his Selective Service Board, Local Board No. 11. Defendant's sole defense is that he was not called for induction in the proper sequence—the so-called "order-of-call" defense.

After a careful consideration of all the testimony, the exhibits in evidence, and the relevant statutory and decisional law, the court finds beyond a reasonable doubt the following:

(1) Defendant registered for Selective Service on November 19, 1968, at Local Board No. 11;

(2) Defendant was classified I–A (available for military service) on January 14, 1969;

(3) On January 15, 1969, Local Board No. 11 mailed to defendant a notice of his classification, (SSS Form No. 110) and right to a personal appearance and/or an appeal, (SSS Form No. 217);

(4) Local Board No. 11 was vandalized in July 1969. The result of the vandalism was the systematic destruction and disruption of most of the Board's records and files, including those of the defendant;

(5) Defendant's selective service file was reconstructed on October 7, 1969, and he was mailed a classification questionnaire (SSS Form No. 100);

(6) Local Board No. 11 received defendant's completed classification questionnaire on October 17, 1969;

(7) Defendant was given an armed forces pre-induction physical examination on November 6, 1969, and found fully acceptable for induction into the armed forces;

(8) Defendant was mailed a notice of his medical acceptability (DD Form 62) on December 2, 1969;

(9) On April 20, 1970, Local Board No. 11 mailed to defendant an order to report for induction into the armed forces, (SSS Form No. 252);

(10) Defendant's scheduled induction date was May 19, 1970;

(11) Local Board No. 11 was required to deliver nine (9) men for induction on May 19, 1970;

(12) Local Board No. 11 actually called eight (8) men for induction. The defendant was third (3rd) on the list for eligibility;

(13) On May 19, 1970, defendant failed to report for induction as ordered;

(14) Defendant initially challenged thirty-four (34) registrants who, he contends, should have been called for induction before him; *

(15) Defendant withdrew his challenges to four (4) registrants numbered 12, 24, 31 and 33;

(16) Defendant's so-called "magic number" to win an acquittal was seven (7).

## CONCLUSIONS OF LAW

(1) Defendant was and is a registrant of Selective Service Local Board No. 11, having duly registered there on November 19, 1968;

(2) Defendant has properly met his burden of raising the "order-of-call" defense. United States v. Sandbank, 403 F.2d 38, 40 (2d Cir. 1968), cert. denied 394 U.S. 961, 89 S.Ct. 1301, 22 L.Ed.2d 562 (1969); United States v. Weintraub, 429 F.2d 658, 660 (2d Cir. 1970),

cert. denied, 400 U.S. 1014, 91 S.Ct. 572, 27 L.Ed.2d 627 (1971); United States v. Griglio, 334 F.Supp. 1283 (D.Mass. 1971); United States v. Camara, 451 F. 2d 1122 (1st Cir. 1971), cert. denied 405 U.S. 1074, 92 S.Ct. 1513, 31 L.Ed.2d 808 (1972); United States v. King, 455 F.2d 345 (1st Cir. 1972).

(3) The government has proved beyond a reasonable doubt that the following challenged registrants were "bypassed" properly and in good faith by Local Board No. 11 for the critical April 20, 1970, induction call. Moreover, the government has met its burden of showing that these actions were not arbitrary and capricious, United States v. Weintraub, *supra*, and that a basis in fact, Estep. v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946) existed for deeming these particular registrants justifiably unavailable. United States v. Griglio, *supra*.

(a) Nos. 2, 5, 8, 9, 11, 15, 16, 17, 18, 27 and 32 were denominated as "delinquents" and subject to the United States Supreme Court decisions in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) and Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970) as well as Local Board Memoranda Nos. 101 (Govt. Exhibits 3 and 4) and 106 (Govt. Exhibit 5).

(b) Nos. 10, 19, 20, 21, 22, 23, 25, 29, 30 and 34 were denominated as "recons" (those registrants whose files were reconstructed as a result of vandalism) and were properly unavailable because they had not undergone and successfully passed the pre-induction physical examination required by Title 32 Code of Federal Regulations, Section 1631.7(a). Nos. 20, 22, 23, 25, 30 and 34 were also unavailable due to their status as delinquents. See subsection (a) *supra*.

(c) No. 13 was properly unavailable due to his delinquency, *see* subsection

---

* In order to preserve the confidentiality of the challenged registrants and their selective service files, Title 32, Code of Federal Regulations, Sections 1606.31, 1606.58(a), they were assigned, at trial, numbers running consecutively from one (1) to thirty-four (34).

(a) *supra*, and his lack of a required physical examination, *see* subsection (b) *supra*. In addition he was eligible for a IV–F classification as revealed by an F.B.I. investigation. Title 32 Code of Federal Regulations, Section 1622.44.

(d) No. 26 was properly unavailable due to the required re-opening of his classification. Title 32 Code of Federal Regulations, Section 1625.2.

(e) Nos. 1, 14 and 28 were properly unavailable due to pending conscientious objector claims and their attendant rights to appeal. Title 32, Code of Federal Regulations, Section 1622.14, and Section 1626.41.

(f) Nos. 4, 6 and 7 were properly unavailable due to their continued eligibility for III–A Classifications, Title 32, Code of Federal Regulations, Section 1622.30(a) and (c) and the applicability of Local Board Memorandum 55, as amended, Jan. 25, 1957. (Govt. Exhibit 6)

(g) No. 3 was properly unavailable due to the absence of the ordinary and normal procedural review of a registrant's file before an induction order is issued.

(4) Defendant wilfully and knowingly failed to report for induction into the armed forces of the United States, as ordered, on May 19, 1970.

The government has sustained its burden of proving each of the three essential elements of this criminal offense beyond a reasonable doubt.

Accordingly, the court finds the defendant guilty as charged.

The foregoing memorandum constitutes the court's findings of fact and conclusions of law. See Rule 23(c) Federal Rules of Criminal Procedure.

At the close of trial the court announced its general findings. Neither the government nor the defense requested special findings. In the absence of such a request the court proceeded to set a date for sentence. After the sentencing date was fixed defendant's counsel inquired informally (i. e. "off the record") why the court did not indicate its intention to make findings of fact and conclusions of law. The court alluded to the requirements of Rule 23(c) of the Federal Rules of Criminal Procedure. Notwithstanding the failure to comply with Rule 23(c) the court stated that it would make special findings. This sequence of events is incorporated in a letter from defense counsel to the court dated June 21, 1972, (attached hereto as Appendix A).

A presentence report was indicated, and Degraffenreid will appear for sentence on July 24, 1972, in Room 905 of this court.

So ordered.

APPENDIX "A"

LAW OFFICES OF

ALFRED LAWRENCE TOOMBS

335 Broadway
New York, N. Y. 10013
(212) 431–3460

June 21, 1972

Hon. David N. Edelstein
Chief United States District Judge
Southern District of New York
Foley Square
New York, New York

Re: United States v. De Graffenreid 71 Cr. 625

My dear Judge Edelstein:

This will confirm my informal request pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure that your Honor make special findings of fact in the above captioned case.

Very respectfully yours,

(s) Lawrence Toombs
Alfred Lawrence Toombs

ALT:ar

cc: Frank H. Wohl
Assistant US Attorney
Southern District of New York
Foley Square
New York, New York