UNITED STATES of America,
Appellee,

v.

Barry Williams GRIGLIO, Defendant,
Appellant.

No. 72–1039.

United States Court of Appeals,
First Circuit.

Heard Sept. 12, 1972.

Decided Oct. 19, 1972.

Edward F. Haber, Boston, Mass., by appointment of the court, for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom Joseph L. Tauro, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE, Circuit Judge, and HAMLEY,* Senior Circuit Judge.

COFFIN, Chief Judge.

Appellant Barry Griglio was convicted of failure to submit to induction in violation of 50 U.S.C. App. § 462. The facts were not in dispute. Appellant relied on the order-of-call defense, asserting that his local board had called him ahead of older registrants who were improperly by-passed, in violation of 32 C.F.R. § 1631.7. United States v. Griglio, 334 F. Supp. 1283 (D.Mass.1971). We have previously recognized the order-of-call defense and attempted to describe its proper administration. Yates v. United States, [*Yates I*], 404 F.2d 462 (1st Cir. 1968); Yates v. United States, [*Yates II*], 407 F.2d 50 (1st Cir. 1969); United States v. Camara, 451 F.2d 1122 (1st Cir. 1971); United States v. King, 455 F.2d 345 (1st Cir. 1972).

According to appellant, his local board could have called only 16 registrants in September, 1969, the month he was ordered for induction. Originally, 31 orders had been issued to fill a call of 27, but a last minute reduction of the national call had resulted in the reduction of the call on appellant's board to 16. The local board failed to cancel any of its outstanding orders, despite instructions from the state director to do so. The district court found that 20 orders could properly have been left outstanding. Appellant also contended that his proper position on the delivery list was 15th. The government argued that he was 13th, but the district court found in appellant's favor.

These rulings taken together meant that, in the district court's view, appellant would have been properly called even if 5 older registrants had been improperly bypassed, because appellant could not claim prejudice if the timing of his induction would not have been affected even if all those older registrants who should have been called *had* been called.

*Camara, supra.* Accordingly, since appellant had identified 28 older registrants who had not been called, the district court held that appellant's defense failed because the government had sustained its burden of proving that the bypass of 23 of them had been proper.

We are inclined to agree with the government that appellant was properly 13th on the delivery list, and that at least 20 calls were properly left outstanding. We need not reach these issues, however, because we find that the local board did not improperly bypass *any* of the 28 older registrants cited by appellant. In our discussion of particular registrants, we will identify them by the numbers stipulated to by the parties and employed in the district court's opinion.

The only issue requiring extended discussion arises out of the district court's conclusion that eight registrants were unavailable since they were awaiting either a personal appearance or an appeal, as a consequence of action now challenged as illegal. The court said as to them, "Nothing in the files or evidence elicited by defendant persuades the court of prior irregularity in these instances." 334 F.Supp. at 1288.

Appellant maintains first that the court misapplied the standard of proof. Insofar as appellant relies on the court's words just quoted, we do not construe them as indicating that it placed that burden on defendant. We think it clear that the court was merely referring to all the evidence in the case, evidence which the court felt proved guilt beyond a reasonable doubt.

■ A more sophisticated contention is that the government failed to prove beyond a reasonable doubt that there had been no "prior irregularity" in processing older registrants, since the evidence of their possibly untimely requests for personal appearances or appeals had, contrary to a Local Board Memorandum, been destroyed. Appellant cites to us

---

* Of the Ninth Circuit, sitting by designation.

our language in United States v. King, *supra,* at 354:

"If, after such hearing [where documentary evidence, supported by testimonial evidence to the extent necessary, is received], . . . the district court concludes that the government has established beyond a reasonable doubt that fifty or more of the sixty-one registrants were properly bypassed, appellant's conviction will stand. If not, appellant will be acquitted."

This statement was made at the end of our explanation of a procedure under which order-of-call issues, excepting those resting on the credibility of witnesses, should be addressed to the court. But we wished to make it clear that the burden of proof on such issues remained the same as that on the ultimate issue.

What we did not face in *King,* but must face here, is whether any violation of Selective Service regulations in processing other registrants, however, minor and nondiscriminatory, must result in invalidating a defendant's order to report for induction. This is not a question of burden of proof but a question of our view of administrative due process.

█ It is true that courts have in recent years come to view as a violation of due process an agency's breach of its own regulations. We have ourselves applied this principle, although we noted that agencies do not "always violate due process when they fail to adhere to their procedure." United States v. Leahey, 434 F.2d 7, 11 (1st Cir. 1970). Indeed, this principle underlay our decisions in *Yates I* and *II, supra,* and *King, supra.* That is, the Selective Service System having fairly imposed upon itself the duty of calling registrants in proper order, the oldest first among all equally vulnerable

(at the time here relevant), we have held that this requirement must be taken seriously. Upon a registrant's raising the issue, the government has the burden of proving proper order. We have further held that this burden must be satisfied by the proffer of files and documents. *King, supra.*

Now we are faced with the claim that the order-of-call regulation was breached because, with regard to other registrants, other regulations were not followed, deferring the call of such registrants, with the result that appellant was called somewhat earlier than he might have been. The specific charge here is that (1) Local Board Memorandum No. 72, requiring that envelopes enclosing communications from registrants required to be filed within a given period be kept in the registrant's file, was violated, making it impossible to determine (2) whether a regulation that requests for appeals, 32 C.F.R. § 1626.2, and personal appearances, 32 C.F.R. § 1624.1(a), be filed within 30 days was violated. There is no contention that any violation was purposive in the sense that it was directed against appellant or in favor of any other particular registrant. We add that the practice, while unauthorized, resulted in no substantial extension of deadlines for anyone.[1] At the most, the practice of the board's executive secretary to treat all mail or hand-delivered communications received by Monday morning as having met any weekend deadline resulted in no more than a two-day extension for any registrant.[2] And, in the case of communications delivered by hand over the weekend, it is not clear that any other reasonable alternative existed. We are thus faced with the question whether a registrant may justly claim that his call came out of order, in violation of proper order of call, because of the vio-

---

1. In fact, all but two of the eight letters were dated before the deadline mailing date. One letter was dated on the deadline date, and one was undated.

2. Appellant points out that the only authority for allowing extensions of time for appeal is 32 C.F.R. § 1626.2(d), which

permits a board to exercise its discretion, on a case by case basis, to permit late-filed appeals. Even had this procedure been followed, appellant's logic would permit him to attack an unwarranted exercise of discretion as a violation, in substance if not in form, of the regulation.

lation, without discriminatory motive, of another regulation (saving postmarks) which makes it impossible to tell whether a third violation, regarding deadlines for submission of appeals, technically occurred.

■ It is appropriate to recall the origin of the doctrine of due process-mandated compliance with regulations. A person dealing with an agency is entitled to be treated according to the previously established and published ground rules. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). Each of these cases involved a failure to follow departmental regulations in the processing of charges against an individual, resulting in his deportation (*Accardi*) or discharge from employment (*Service, Vitarelli*). Similarly, all but one of the more recent cases cited to us recognizing a defense based on breach of an agency's regulation involve a deprivation of his own procedural rights, contrary to his justifiable expectancy that they would be accorded to him.

The exception is United States v. Smith, 443 F.2d 1278 (9th Cir. 1971), where the court said that violation of a regulation which would significantly delay the induction of others who should have been called before the registrant-defendant would be an adequate defense. In that case, the local board had violated 32 C.F.R. § 1626.14, requiring it to forward the registrant's file to the appeal board no later than five days following the expiration of the period for taking an appeal, by delaying seven months in the case of one registrant and two years in the case of another. We do not disagree with the result in that case,[3] but the issue posed in the case before us requires that we try to develop some principled basis for drawing the line between those violations of regulations which require our sanction in this context and those which do not.

We begin by recognizing the novelty of a defense based not on violation of a regulation to one's immediate prejudice but on a violation which treated another more favorably than the regulation allowed, the prejudice stemming from the finiteness of the pool of availables. Rough analogies come to mind. A civil servant may have a vested right in promotion to new departmental vacancies. The rules assure him of prior consideration. The opportunity, however, may be aborted because, through failure to follow rules punctiliously, the occupant of a position has not been discharged. A taxpayer may pay more taxes because regulations were not followed in taxing his fellow citizens. Absent purposive discrimination or such extraordinary laxness that he might raise a *Yick Wo*[4] or similar issue, he has no legal complaint.

■ These analogies cannot, however, be pushed too far. Here we have a criminal prosecution where, by regulation, a registrant refusing induction has a defense if others were improperly deferred, delayed in their processing, or exempted. The individual registrant therefore has a right to insist that regulations be uniformly applied. And, beyond the individual, there is a deep national interest in an even-handed and efficient administration of the Selective Service System.

But the individual right and that national interest can never be perfectly realized. Appellant's logic, confined in this case to a review of all decisions relating to registrants in his pool of availables, encompasses not only every violation of regulations affecting his fellow pool members. It extends back. If a local board has in the past been relaxed or inexpert in its adherence to regulations, it has unnecessarily and illegally deferred

---

3. The court, in repeating its phrasing of the test, considerably expanded it by referring only to proof of violation of a regulation calling for action within a particular time. To the extent that this reflects the rule of the case, we do not accept it.

4. Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

or exempted at least one other registrant. We referred in *King, supra,* 455 F.2d at 351, to a "defendant's ideal world" as one "[which] would involve a justification . . . by the government of all classification decisions or series of such decisions which have removed other registrants from the list of those being called." We might add—all decisions since the resumption of the draft.

There are other considerations. The regulations governing the Selective Service System, constituting Chapter XVI of Title 32 of the Code of Federal Regulations, occupy 121 double-column pages of regulations regarding registration, cancellation, classification, appearances, reopening, appeals, physical examinations, volunteers, quotas and calls, delivery and induction, and notice. Many of these speak with precision as to acts and their timing. Were the thousands of local boards held to a strict application of every regulation in every case, in order to meet an order-of-call defense, the result, even if attainable, would be to eliminate all opportunity for play in the joints, those instances of minor administrative leniency, not practiced in a discriminatory manner, which avoid the harshest of results for technical oversights by young registrants trying to cope with a frighteningly complex maze of requirements.

What we think a registrant can reasonably expect is that the timing of his call for induction will be determined by a board which practices no purposive discrimination or favoritism, and which follows regulations conscientiously, albeit not perfectly. Even though the workings of such a board may be shown in retrospect to have resulted in calling some registrants somewhat later than they should have been, any given inductee would have the knowledge that the system was operating with reasonable effectiveness, without intentional or substantial skewing of the ideal order-of-call.

We therefore conclude that we will not deem a violation of a regulation as applied to third persons a deprivation of due process as to a registrant unless it is apparent that favoritism to another or discrimination against the registrant was intended, or unless the violation is so flagrant and serious that, whether intended or not, concern for fair and efficient administration justifies the sanction of voiding an induction adversely affected by the violation. In this case, because of the minor failure to keep envelopes covering a two-day period, we do not know whether extensions of time were given to seven registrants.[5] But the violation was not selectively practiced, was not open-ended. The weekend practice necessarily was limited to one or two-day extensions. We do not view this as discriminatory or flagrant.

The postponements granted to Nos. 2 and 22 were clearly within the state director's discretion under 32 C.F.R. § 1632.2. Even if, as to No. 22, a possibility existed that the state director usurped the power of the local board,[6] it cannot aid appellant in this case. If the board had granted the IS(C) classification to which that registrant was entitled, he would still have been unavailable for the September call.

It was within the board's discretion to hold over Nos. 8 and 13 for the next delivery list. Their files were not on hand when the September list was drawn, and the board is not obliged to reopen the list every day. It was also within the board's discretion to grant, in effect, a one-month postponement to No. 16, thereby allowing a reasonable amount of time to receive verification from the school he claimed he would attend. We think that it was proper for the executive secretary to interpret No. 18's DD Form 62, and that the interpretation she placed on it was clearly correct. It was also proper for the board to treat the employer's letters as notice of appeal in the case of No.

---

5. As to one, whose time expired on a Thursday—we know that he enjoyed a four-day extension.

6. *Cf.* United States v. Johnson, 314 F. Supp. 88 (D.N.H.1970).

9, 32 C.F.R. § 1626.11, nor do we think there was any improper delegation to the executive secretary in this regard. This is not a case where a would-be appellant challenges the procedure by which his administrative appeal was blocked. *Compare* United States v. Powers, 413 F.2d 834 (1st Cir. 1969). For registrants 1, 3, 5, 7, 10, 11, 12, 14, 17, 19, 20, 21, and 23, we rely on the opinion of the district court in holding that they, too, were properly bypassed.

Affirmed.