UNITED STATES of America, Appellee,

v.

Sonny Brooks DEGRAFFENREID, Appellant.

No. 409, Docket 72–1944.

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1972.

Decided Dec. 29, 1972.

Alfred Lawrence Toombs, New York City, for appellant.

Frank H. Wohl, Asst. U. S. Atty. (Whitney North Seymour, U. S. Atty., George E. Wilson, Richard J. Davis, Asst. U. S. Attys., on the brief), for appellee.

Before FRIENDLY, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction, D.C., 344 F.Supp. 1395, for failure to report for induction into the Armed Forces of the United States, in violation of 50 U.S.C.App. § 462(a).

The facts are undisputed. Appellant was registered with Local Board #11 in New York City. He was classified 1–A on January 14, 1969, and was found fully acceptable for induction after his physical examination. Appellant was ordered to report for induction on May 19, 1970 and on that date he failed to report.

Appellant's contention on appeal is that he was improperly ordered to report for induction because a sufficient number of other registrants should have been called ahead of him so that he would not have been reached until a later induction call. Thus appellant has raised what is usually designated the order of call defense. Appellant claims that 30 collateral registrants were bypassed, and if these 30 had not been bypassed he would not have been called for induction since only 8 were ordered for induction. These registrants who appellant claims were by-passed fall into three major categories:

(1) Delinquents were not processed by the local board for six months from January 21, 1970 until June 16, 1970 because Local Board Memorandum 101 directed all local boards to suspend further processing of delinquent registrants in the light of Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) until a new policy for handling delinquents was formulated. Appellant argues that he was prejudiced because these registrants were removed from the pool.

(2) As a result of vandalism, the local board had to reconstruct destroyed files, reclassify the registrants, etc. Appellant argues that the Board took too much time doing this and kept these registrants out of the pool, causing appellant to be called earlier than he otherwise would have been.

(3) Certain other registrants are claimed to have benefitted from there being delays for miscellaneous reasons in the processing of their files. The reasons for these delays included (1) a failure to afford timely review to temporary deferments upon their expiration, (2) delays in forwarding files to the appeal board, (3) improper issuing of the Notice of Classification, (4) delays in scheduling personal appearances, and (5) failure to act promptly on information which would result in other registrants being reclassified from favorable classifications to I–A.

The basic guidelines for the order of call defense are set out in a recent opinion of this court in United States v. Strayhorn, 471 F.2d 661 (2d Cir. 1972). In Strayhorn, the court noted that:

"only that local board action so lacking a basis in fact as to be arbitrary and capricious will allow a judicial conclusion that another registrant was improperly bypassed. We further hold . . . that a record which merely shows that some Selective Service deadlines have been missed, or that regulations have been technically violated, will not suffice."

The court also adopted the test set out in United States v. Griglio, 467 F.2d 572 (1st Cir. 1972):

"We . . . will not deem a violation of a regulation as applied to third persons a deprivation of due process as to a registrant unless it is apparent that favoritism to another or discrimination against the registrant was intended, or unless the violation is so flagrant and serious that, whether intended or not, concern for

fair and efficient administration justifies the sanction of voiding an induction adversely affected by the violation."

In the instant case the appellant clearly does not make out a showing that the Board acted out of favoritism for another registrant or that it acted arbitrarily or capriciously. The decision to cease processing delinquents after the decision in *Gutknecht* was necessary in order to formulate a new policy for handling delinquents and the length of time expended to formulate this policy was not excessive. Likewise the files that were vandalized had to be reconstructed, and the time the Board took for this was within the bounds of reason. Finally, although the Board undoubtedly made mistakes in processing in the various delays cited in the miscellaneous categories, none showed favoritism nor were any the result of arbitrary and capricious action.

Affirmed.