**UNITED STATES of America,**
**Appellee,**

v.

**Juan Sergio SALAS, Appellant.**

**No. 375, Docket 74–2007.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 6, 1974.

Decided Jan. 10, 1975.

Edward N. Leavy, New York City (Leavy & Shaw, New York City, on the brief), for appellant.

Robert Gold, Asst. U. S. Atty., S. D. N. Y. (Paul J. Curran, U. S. Atty., S. D. N. Y., George E. Wilson and John D. Gordan, III, Asst. U. S. Attys., S. D. N. Y., on the brief), for appellee.

Before KAUFMAN, Chief Judge, and ANDERSON and MULLIGAN, Circuit Judges.

PER CURIAM:

Following a jury trial appellant Juan Sergio Salas was found guilty of refusing to submit to induction into the armed forces of the United States on December 4, 1972 in violation of 50 U.S.C. App. § 462(a).[1] On June 21, 1974, the district court denied Salas' post-trial motions for judgment of acquittal pursuant to F.R.Crim.P. 29 and for arrest of judgment pursuant to F.R.Crim.P. 34 on the grounds that they were based on the so-called "order of call" defense and were thus untimely, citing United States v. Strayhorn, 471 F.2d 661 (2 Cir. 1972), and that in any event Salas had not been prejudiced, citing *id.* and United States v. Griglio, 467 F.2d 572 (1 Cir. 1972).

The order of call defense was described in *Strayhorn* as involving "contentions by a Selective Service defendant that his order for induction came out of proper sequence, or, conversely, that others who should have been called before him were not." 471 F.2d at 662. This court went on to say that the trial courts could deem such defenses waived, in trials beginning after January 1, 1973, if they were not raised before trial through a motion for a judgment of acquittal. See 471 F.2d at 665. Salas did not claim, however, that there were other 1–A registrants in his local board with higher priorities for call than his "whose inclusion on a monthly list would have 'bumped' him off." 471 F.2d at 664. Rather, he claimed that he was exposed to induction as of December 31, 1971, and was not called during the three months which followed, and therefore under 32 C.F.R. § 1631.6(c) and (d)(5),[2] he was entitled to be placed in a nationwide lower priority selection group from which he would not have been drafted. This is not an "order of call" defense, and the district court was in error in holding that Salas' post-trial motions were untimely.

1. 50 U.S.C. App. § 462(a) provides, in relevant part:

"(a) Any member of the Selective Service System or any other person charged as herein provided with the duty of carrying out any of the provisions of this title . . . , or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty, . . . and any person . . . who otherwise evades or refuses registration or service in the armed forces or any of the requirements of this title . . . shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment . . . ."

2. 32 C.F.R. § 1631.6(c) (1972), which reflected changes adopted and reported in the Federal Register as of December 9, 1971, defined the manner in which registrants were to be placed in selection groups, in relevant part, as follows:

"(1) Extended Priority Selection Group consists of registrants who on December 31 were members of the First Priority Selection Group whose random sequence number had been reached but who had not been issued orders to report for induction.

(2) First Priority Selection Group:

(i) 1970. In the calendar year 1970, nonvolunteers in Class 1–A or 1–A–O born on or

The Government concedes that under 32 C.F.R. § 1622.25(a)[3] Salas was improperly classified 2–S on June 3, 1971 because he was over 24 years of age; that he was subsequently and properly classified 1–A in November, 1971; that he remained properly classified as 1–A on December 31, 1971; and that his draft lottery number (70) had been reached during the 1971 calendar year. Consequently, after December 31, 1971, as specified in 32 C.F.R. § 1631.6(c) and (d),[4] the Board was required to place Salas in "Extended Priority Selection Group" and to issue to him an induction order by April 1, 1972, failing which the Board was required to place him in the "lower priority selection group." The Government also concedes that the Board could not deprive appellant of the time limitation for induction under 32 C.F.R. § 1631.6(d)(5) by improperly reclassifying him 2–S in January, 1972, and that *had* appellant been placed in the "lower priority selection group," he would not have been drafted. While for policy reasons of the Secretary of Defense no induction orders were issued during the first three months of 1972, this did not constitute, under 32 C.F.R. § 1631.6(d)(5), an "inability of the local board to act" and thereby render the strict time limitations inapplicable. Cf. United States v. Born, 338 F.Supp. 444 (W.D.Mich.1972).

The Government argues that, in any event, appellant has failed to show that he was prejudiced by the Board's errors and thus cannot now claim that he should be acquitted because the November 1, 1972 induction order was invalid. This argument is fallacious. He suffered the very kind of prejudice 32 C.F.R. § 1631.6(d)(2) and (5) were meant to preclude by establishing a precisely defined and limited time during which a registrant, classified 1–A, could be drafted. In conjunction with the random se-

---

after January 1, 1944, and on or before December 31, 1950, who have not attained the 26th anniversary of the dates of their birth.

(ii) 1971 *and later years.* In the calendar year 1971 and each calendar year thereafter, nonvolunteers in Class 1–A, Class 1–A–O, Class 1–O or Class 1–H who prior to January of each such calendar year have attained the age of 19 years but not of 20 years and nonvolunteers who prior to January 1 of each such calendar year have obtained the age of 19 but not of 26 years and who during that year are classified into Class 1–A, Class 1–A–O, Class 1–O or Class 1–H."

The regulations went on to state in the relevant portion of Subparagraph (d):

"(d) Procedures:

(1) Local boards shall identify registrants in the appropriate groups as provided in this section.

(2) Members of the First Priority Selection Group on December 31 in any calendar year whose random sequence numbers have not been reached by that date, or members of any subgroup which was not reached during such calendar year, shall be assigned to the priority selection group which is next below the First Priority Selection Group for the immediately succeeding calendar year.

\*    \*    \*    \*    \*    \*

(5) Members of the Extended Priority Selection Group who have not been issued orders to report for induction and originally scheduled for a date prior to April 1, shall forthwith be assigned to the lower priority selection group to which they would have been assigned had they never been assigned to the Extended Priority Selection Group; except that members of the Extended Priority Selection Group who would have been ordered to report for induction to fill the last call in the first quarter of the calendar year but who could not be issued orders shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which would prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, pre-induction physical examination, reconsideration, judicial proceeding, or inability of the local board to act."

36 Fed.Reg. 23381 (Dec. 9, 1971) at 23382.

3. 32 C.F.R. § 1622.25(a) (1969), applicable at the time provided as follows:

"(a) In Class II–S shall be placed any registrant who has requested such deferment to continue until such registrant completes the requirement for his baccalaureate degree, fails to pursue satisfactorily a full-time course of instruction, or attains the twenty-fourth anniversary of the date of his birth, whichever occurs first."

32 Fed.Reg. 9790 (July 4, 1967).

4. *See* note 2, *supra.*

lection plan, they were designed to eliminate the frustrations confronting a large proportion of the vulnerable generation because the uncertainties of each one's status made futile any plans for the future.

The judgment of conviction is reversed and the case is remanded to the district court for the entry of a judgment of acquittal.